1

2                UNITED STATES DISTRICT COURT

3                 FOR THE DISTRICT OF IDAHO

4

5

6 UNITED STATES OF AMERICA,   )    Case No. CR 05-225-C-EJL
                      )

7          Plaintiff,       )    MEMORANDUM ORDER
                      )

8          vs.          )
                      )

9 ESTEVAN JUAN MENDOZA,    )
                      )

10          Defendant.    )

11

12       Pending before the Court in the above-entitled matter is Defendant Estevan Mendoza's

13 second supplemental motion to suppress or dismiss. The Government has responded to the motion

14 and the matter is now ripe for the Court's consideration. Having fully reviewed the record herein,

15 the Court finds that the facts and legal arguments are adequately presented in the briefs and record.

16 Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that

17 the decisional process would not be significantly aided by oral argument, this motion shall be

18 decided on the record before this Court without oral argument. Local Rule 7.1.

19                **Factual and Procedural Background**

20       On February 18, 2005, officers executed four search warrants on two vehicles and two

21 residences in northern Idaho. During the search officers also searched the person of the Defendant

22 Mendoza. Officers discovered controlled substances on the Defendant Mendoza. As a result, the

23 Defendant Mendoza has been charged with drug related crimes involving conspiracy to distribute,

24 possession with intent to distribute, conspiracy to possess with intent to distribute, and possession

25 of firearms in commission of drug trafficking crimes. (Dkt. Nos. 42, 77).

26       Defendant filed a motion to suppress which the Court initially dismissed the motions for

27 lack of standing and lack of sufficient factual basis. The Court did, however, grant Defendant leave

28 to refile his motion which he has done and to which the Government has responded.

MEMORANDUM ORDER - Page 1

**Analysis**

1

2          The motions to suppress alleges that there was no probable cause for issuance of the warrant

3    and that the search and seizure of the Defendant by officers was without reasonable suspicion nor

4    probable cause that the automobile and/or occupants had committed or were about to commit a

5    crime.  Accordingly, the Defendant asks that any and all evidence obtained be suppressed and,

6    alternatively, that the charges be dismissed.  The Government opposes the motions and argues the

7    Defendant lacks standing to challenge the search of the vehicle, that the warrants are valid, and that

8    the officers' search was reasonable.

9    I.    Standing:

10          "[T]he proponent of a motion to suppress has the burden of establishing that his own Fourth

11   Amendment rights were violated by the challenged search or seizure." Rakas v. United States, 439

12   U.S. 128 (1978).  "The 'capacity to claim the protection of the Fourth Amendment depends not

13   upon a property right in the invaded place,' but rather 'whether the individual by his conduct has

14   exhibited an actual (subjective) expectation of privacy,' and further, 'whether the individual's

15   subjective expectation of privacy is one that society is prepared to accept as reasonable.'" United

16   States v. Caymen, 404 F.3d 1196, 1199 (9th Cir. 2005) (quoting Rakas).

17          On this motion the search warrant was for vehicles and residences owned by persons other

18   than the Defendant.  Defendant Mendoza challenges the search of the 1993 Mitsubishi Eclipse that

19   he was driving at the time the officers executed the warrants.  The Eclipse, Washington license

20   number 241RZA, is registered to a female in Kennewick, Washington at the same address as is

21   reflected on Defendant Mendoza's drivers license return.  The female has been identified as the

22   Defendant's mother who has submitted an affidavit stating that she is the owner of the vehicle and

23   that the Defendant was driving the vehicle with her knowledge and permission on the date in

24   question.

25          It is clear that "the owner of an automobile has a legitimate expectation of privacy in the

26   car, and therefore he has standing to object to an unconstitutional search" and that "a person does

27   not possess a reasonable expectation of privacy in an item in which he has no possessory or

28   ownership interest."  United States v. Thomas, 447 F.3d 1191, 1198 (9th Cir. 2006) (citations

MEMORANDUM ORDER - Page 2

omitted). Thus, the issue becomes whether the Defendant here had a possessory or ownership interest in the car such that the Defendant had a reasonable expectation of privacy protected by the Fourth Amendment. "A 'possessory or ownership interest' need not be defined narrowly: A reasonable expectation of privacy may be shown either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society. " Id. at 1198 (citations and quotations omitted). "Therefore, a defendant who lacks an ownership interest may still have standing to challenge a search, upon a showing of 'joint control' or 'common authority' over the property searched." Id.

In this case the registered owner of the vehicle, the Defendant's mother, had given the Defendant possession and control of the car and, therefore, the Defendant had a valid privacy interest in the car  See United States v. Portillo, 633 F.2d 1313, 1317 (9th Cir. 1980) (holding non-owner has standing to challenge a search where he has "permission to use his friend's automobile and the keys to the ignition and the trunk, with which he could exclude all others, save his friend, the owner"). Accordingly, the Court finds the Defendant has standing as to the warrant for the 1993 Mitsubishi Eclipse and the warrant to search the Defendant's own person. The Defendant has not challenged the other warrants nor argued he has standing to do so.

II.    Issuance of the Warrants:

Defendant challenges the issuance of the warrants arguing they were not supported by probable cause. Specifically, that the affidavit supporting the warrants contained unsupported prejudices and suppositions, stale information, and generally was lacking in reliable and verifiable information upon which the judge could find probable cause. The Government counters that the warrants were amply supported by probable cause noting that there were several corroborating witnesses as to the information connecting the residences, vehicles, and individuals who were the subject of the search warrants.

In assessing the validity of a search warrant, this Court must determine whether the issuing judge had a "substantial basis" to conclude that probable cause existed to issue the warrants. Illinois v. Gates, 462 U.S. 213, 236 (1983). "Probable cause is determined by looking at the totality of circumstances." United States v. Wong, 334 F.3d 831, 838 (9th Cir. 2003) (citing Illinois v. Gates,

MEMORANDUM ORDER - Page 3

1    462 U.S. at 230-31). "Probable cause exists if 'it would be reasonable to seek the evidence in the

2    place indicated in the affidavit.'" Id. (citation omitted).  The issuing judge's determination of

3    probable cause is afforded great deference.  United States v. Hay, 231 F.3d 630, 633 n. 4 (9th Cir.

4    2000) (citing United States v. Clark, 31 F.3d 831, 834 (9th Cir. 1994)).  The judge's "responsibility

5    in determining whether to issue a search warrant is 'simply to make a practical, common-sense

6    decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair

7    probability that contraband or evidence of a crime will be found in a particular place.'" Id. (citing

8    Gates, 462 U.S. at 238).  "The critical element in a reasonable search is not that the owner of the

9    property is suspected of crime but that there is reasonable cause to believe that specific 'things' to

10   be searched for and seized are located on the property to which entry is sought." Id. (citing Zurcher

11   v. The Stanford Daily, 436 U.S. 547, 556 (1978) (citation omitted)).

12          In reviewing the warrant application in its entirety, the Court finds the issuing judge had a

13   substantial basis upon which to determine probable cause existed.  The affidavit provides a

14   consistent set of facts corroborated by numerous witnesses as to the connection between the

15   residences, the vehicles, and the individuals which are the subject of the warrants.  Though some

16   of the statements may be hearsay, the issuing judge could properly consider the statements so long

17   as the judge is informed of the underlying circumstances supporting the affidavit.  See United

18   States v. Bridges, 344 F.3d 1010, 1015 (9th Cir. 2003) ("an affidavit may be based on hearsay

19   information and need not reflect the direct personal observations of the affiant, so long as the

20   magistrate is informed of some of the underlying circumstances supporting the affiant's

21   conclusions....").  "In making its determination, "the court issuing the warrant is entitled to rely on

22   the training and experience of police officers." United State v. Parks, 285 F.3d 1133, 1142 (9th Cir.

23   2002) (citation omitted).  The challenged statements in this case were made by individuals who had

24   been dealing with the Defendant for some time and who's statements were consistent with those

25   of other informants and the officers' own observations and investigation.  In particular, C.I. 05-005

26   had sufficient contacts with Defendant Mendoza to justify his identification of Mendoza given his

27   history and, most recently, the February 2005 controlled buy of methamphetamine from Defendant

28   Mendoza.  Likewise, the statements of CS are consistent with those of C.I. 05-005, the officers'

MEMORANDUM ORDER - Page 4

1  investigation, and the other informants. Accordingly, the Court finds that the information contained

2  in the affidavit is properly supported by evidence from the multiple informants and investigation

3  efforts. The information provided sufficient support for the judge's probable cause determination.

4  Further, the affidavit provided a proper basis upon which the judge was able to draw "reasonable

5  inferences about where evidence is likely to be kept, based on the nature of the evidence and the

6  type of offense." United States v. Elliott, 322 F.3d 710, 717 (9th Cir. 2003) (citing United States

7  v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986)).

8        The Court also finds the information was not stale or remote in time. While some of the

9  affidavit relayed information regarding the interaction between the informants and Defendants from

10 December of 2004, the information relevant to the search warrants that were issued for February

11 18, 2005 was timely. The affidavit notes activity by the Defendant reported in early February of

12 2005 and further information was provided by CS to law enforcement on the same day the warrants

13 were issued as to a meeting of the individuals at one of the subject residences. The information

14 regarding the residences and vehicles was confirmed through police surveillance and investigation

15 as stated in the affidavit. The older information contained in the affidavit is also relevant as to the

16 background making up the underlying circumstances supporting the veracity and reliability of the

17 informants' statements. Accordingly, the Court finds the issuing judge's probable cause

18 determination was proper based upon the information contained in the affidavit filed in support of

19 the search warrant in this matter.

20 III.    Arrest, Search, and Seizure of Defendant:

21       Defendant argues the officers' search and arrest of the Defendant was in violation of the

22 Fourth Amendment as it was done without reasonable suspicion nor probable cause. This argument

23 is based upon the challenges made to the validity of the search warrant. The Defendant has not

24 argued that the officers used excessive force or exceeded the scope of the search warrant. Having

25 determined above that the search warrant in this case was valid, the officers detention, search,

26 seizure, and arrest of the Defendant are also valid.

27

28

MEMORANDUM ORDER - Page 5

1

2 **ORDER**

3        THEREFORE IT IS HEREBY ORDERED, that the Defendant's motions to suppress (Dkt.

4 Nos. 417, 418) are **DENIED**.

5

6                                           DATED:  **August 6, 2007**

7

8 

9                                           Honorable Edward J. Lodge
                                            U. S. District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM ORDER - Page 6